**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6594**

LAWRENCE E. THOMPSON, JR.,

        Petitioner - Appellant,

    v.

NELSON SMITH, Commissioner,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jamar Kentrell Walker, District Judge.  (2:24-cv-00378-JKW-RJK)

Submitted:  April 28, 2026                      Decided:  April 30, 2026

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Lawrence E. Thompson, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence E. Thompson, Jr., a state prisoner, appeals the district court's order dismissing without prejudice his 28 U.S.C. § 2241 petition for failure to exhaust state remedies. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Thompson that failure to file timely and specific objections to this recommendation would waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Thompson has forfeited appellate review by failing to file specific objections to the magistrate judge's recommendation after receiving proper notice.[*]

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*] While the district judge held that Thompson failed to timely file objections to the magistrate judge's report and recommendation, we find that Thompson's objections were timely filed. *See* Fed. R. Civ. P. 6(a), (e), 72(a); *Houston v. Lack,* 487 U.S. 266, 276 (1988). However, we find that any error is harmless and that the court's failure to perform a de novo review does not necessitate reversal because Thompson failed to raise specific objections after receiving proper notice, thereby waiving his right to appellate review.

presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*